**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH B. CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-97 RLW |
| | ) | |
| MIKE JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joseph B. Cannon, a pretrial detainee currently housed at the Butler County Jail, for leave to commence this civil action without prepayment of the required filing fee. ECF. No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $37.50. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, plaintiff submitted a copy of his 'Resident Account Summary.' ECF No. 6. A review of plaintiff's account indicates an average monthly deposit of $187.50 and an average monthly balance of $15.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.50, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, a pre-trial detainee, brings this action on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's allegations are against four employees of the Butler County Jail (the "Jail"): (1) Jail Administrator Mike Jones, (2) Sheriff Mark Dobbs, (3) Nurse Carla Doe, and (4) Nurse Shane Doe. All defendants are sued in both their official and individual capacities.

Plaintiff alleges he was transferred into Butler County Jail on March 9, 2023 and immediately denied an Islamic prayer rug, reading books, and a prayer schedule. *Id.* at 6. Plaintiff claims that although Bibles are readily available within the Jail, Qurans are not. *Id.* at 9. Other than a Quran, he does not identify the other "reading books" he could not access. Plaintiff states a family member attempted to drop off a Quran for him, but "was denied per policy." *Id.* Plaintiff blames defendants Jones and Dobbs for creating the policy. Plaintiff further claims he was provided "a sleeping mattress with blood stains," a cell without lights, and an "unsanitary" sink and toilet. *Id.* at 7. He states he requested cleaning supplies and was given a dirty mop. *Id.* Plaintiff complains the Jail has no system for filing a grievance. *Id.*

Plaintiff alleges he was placed in a "freezing" pod on March 10, 2023. *Id.* at 8. Plaintiff asked an officer to turn up the temperature, but his request was denied. *Id.* He claims defendants

Jones and Dobbs have a policy "where inmates can't bring out towels or blankets for warmth from their cells to combat the extreme cold temperature in [the] pod." *Id.* Plaintiff additionally asserts that on March 11, 2023 he was served pork, which is prohibited by his religion. *Id.* He claims he notified officers of his need for a religious dietary exception, but was told the Jail does not provide pork substitutes as per the policies of defendants Jones and Dobbs. *Id.* Plaintiff does not indicate if he was served pork on more than one occasion.

Plaintiff alleges he was served two small tacos for dinner on March 14, 2023, which he claims were "below guidelines to satisfy nutritional standard." *Id.* at 9. Plaintiff also asserts he was "placed in the Segregation unit [and] given 30 days without [] being given a[n] opportunity [to] present witness[es], evidence, or have a hearing." *Id.* at 9. Plaintiff again attributes these issues to the policies of defendants Jones and Dobbs.

Finally, plaintiff alleges he submitted a medical request regarding collapsed arches in his feet. *Id.* at 10. Plaintiff asked Nurses Shane Doe and Carla Doe for permission to use the "supported sandals that were taken from him upon being processed" at the Jail. *Id.* Plaintiff claims defendant Nurse Shane told him she would speak to defendant Jones to see if he would allow the request, but plaintiff never heard back. *Id.* Plaintiff claims defendant Nurses Shane and Carla were deliberately indifferent to his serious medical needs because they "allowed Mike Jones (jail admin) to deny [him] medical care[.]" *Id.*

Under the section designated to describe his injuries, plaintiff writes, "I still haven't been given any alternative to help regulate feet swelling nor an answer/solution." *Id.* at 5. For relief, plaintiff seeks $150,000 in monetary damages and remediation of the issues asserted in his complaint. *Id.* at 11-12.

## Discussion

Because plaintiff is proceeding *in forma pauperis*, the Court reviews his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal. However, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below.

### A.  Official Capacity Claims

Plaintiff names four defendants in this action, all of whom are alleged to be employees of the Butler County Jail. *See* ECF No. 1 at 2-4. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A jail, however, is not a suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against all four defendants in their official capacities.

Even if Butler County is substituted as the employer, plaintiff has failed to state a claim. Plaintiff has not sufficiently alleged a municipal liability claim against the county. *See Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). While plaintiff complains about the Jail's conditions and the policies of defendants Jones and Dobbs, he does not attribute these conditions to any unconstitutional policy,

custom, or failure to train on the part of the *county* itself. As a result, his claims against the defendants in their official capacities are subject to dismissal.

### B. Individual Capacity Claims

#### 1. Defendant Nurses Carla Doe and Shane Doe

Plaintiff alleges he spoke to defendant Nurses Shane and Carla about the collapsed arches in his feet and requested permission to wear his personal sandals. Plaintiff claims defendant Nurse Shane told him she would speak to defendant Jones to see if he would allow the request, but plaintiff did not receive a follow-up regarding his request. Plaintiff claims defendant Nurses Shane and Carla were deliberately indifferent to his serious medical needs because they "allowed Mike Jones (jail admin) to deny [him] medical care[.]"

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, plaintiff must allege he suffered objectively serious medical needs and defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997). To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining "plaintiff must establish a mental state akin to criminal recklessness").

Here, plaintiff's allegations are insufficient to state deliberate indifference claims against the defendant nurses. Although the nurses failed to follow up with plaintiff regarding his request to wear his personal shoes, Nurse Shane told him that she would have to seek the permission of

defendant Jones. It appears the defendant nurses did not have the independent authority to grant plaintiff's request. While plaintiff expected the nurses to do more, there are no facts establishing they were required to or had the authority to do more, or that they personally refused a medical request by plaintiff. Therefore, the individual capacity claims against the defendant nurses are subject to dismissal as the allegations do not plausibly show any intentional maltreatment or refusal to provide essential care.

### 2. Defendants Mike Jones and Mark Dobbs

Plaintiff alleges he was not provided with certain religious accommodations, was subject to unsanitary cell conditions, exposed to cold temperatures within the pod, and placed in segregation without due process. Plaintiff attributes all of these issues to the allegedly unconstitutional policies of Jail Administrator Mike Jones and Sheriff Mark Dobbs.

While a jail official cannot be held liable solely on the basis of his or her authoritative role, *see Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits), a "sheriff and jail administrator may be held liable for policy decisions that create unconstitutional conditions," *Oliver v. Greenwell*, No. 1:05-CV-111-LMB, 2005 WL 2406015, at *2 (E.D. Mo. Sept. 29, 2005). Although defendants Jones and Dobbs could potentially be held liable for their policy decisions, many of the allegations plaintiff presents in his complaint do not rise to the level of constitutional violations.

First, according to plaintiff, he was provided with two small tacos for dinner on one occasion. He claims the meal was nutritionally inadequate. This allegation is subject to dismissal because the denial of one meal is not enough to plead a constitutional violation. *See Anderson v. Purkett*, No. 4:06-CV-1451-DJS, 2009 WL 539937, at *4 (E.D. Mo. Mar. 4, 2009) ("The negligent failure to procure, or even the deliberate refusal to provide, a single meal does not establish a deprivation sufficiently serious to constitute a constitutional violation[.]"). *See also Cunningham*

*v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing the prisoner only one meal per day for fifteen days did not violate the Eighth Amendment because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation).

Second, although Muslim inmates have the right to avoid contact with pork or any food that has been contaminated with pork, *Hayes v. Long*, 72 F.3d 70, 74 (8th Cir. 1995), plaintiff's claim of a one-time incident of receiving a meal with pork cannot be said to substantially burden his exercise of religion. *Phillips v. Boone Cnty. Jail*, No. 08-4253-CV-C-NKL, 2009 WL 648905, at *1 (W.D. Mo. Mar. 10, 2009). *See also Johnson-Bey v. Ind. Dep't of Corr.*, 668 F. Supp. 2d 1122, 1129 (N.D. Ind. Oct. 20, 2009) (finding one isolated negligent act of serving pork to a Muslim inmate did not rise to the level of a First Amendment violation). Plaintiff does not assert that he was served pork on more than one occasion.

Third, as to plaintiff's allegations regarding the lack of a grievance procedure, such a claim fails because a grievance procedure is only a procedural right and does not confer substantive rights. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.") (quoted case omitted); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with the district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); *Fallon v. Coulson*, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) ("Defendants' failure, if any, to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights.").

Fourth, plaintiff fails to allege sufficient facts regarding his conditions of confinement claims. Plaintiff asserts he was placed in a "freezing" in the pod, provided with "a sleeping mattress with blood stains," and assigned a cell with no light and an "unsanitary" sink and toilet. To state a

claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement pose a substantial risk of serious harm, and (2) the prison officials knew of but disregarded, or were deliberately indifferent to, the detainee's health and safety. *Saylor v. Nebraska*, 812 F.3d 637, 643 (8th Cir. 2016). Plaintiff provides no facts regarding the severity of the cold, the length of time he was exposed to the cold, or how the cold amounted to deliberate indifference to his safety. *See Johnson v. Gober*, 2020 WL 4032419, at *2 (E.D. Ark. 2020) (explaining that in Eighth Amendment context, "prisoners [have] the right to adequate shelter and protection from *extreme* cold, and courts examine allegations of the severity of the cold and the length of time the prisoner is exposed to it") (emphasis in original). Similarly, plaintiff does not assert any facts as to how long his cell lacked light, whether there were clean sheets provided to cover the mattress, in what way the toilet and sink were "unsanitary," and how long he was assigned to the particular cell. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("When reviewing the totality of circumstances of a pretrial detainee's confinement, the Court "focus[es] on the length of his exposure to unsanitary conditions and how unsanitary the conditions were."). Without additional facts, the Court cannot analyze the sufficiency of his conditions of confinement claims.

Finally, plaintiff's allegations fails to establish a violation of the Due Process Clause. An assignment to disciplinary or administrative segregation is not, by itself, an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (the Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships"); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) plaintiff's "demotion from administrative segregation to punitive isolation is not the sort of deprivation that qualifies as atypical and significant"); and *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (plaintiff "has no liberty interest in avoiding administrative segregation unless the conditions of his

confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). This is so even if the demotion to segregation is without cause. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff's First Amendment claims related to the denial of an Islamic prayer rug and Islamic prayer time schedule sheet could state plausible claims under § 1983. However, it appears from the complaint that plaintiff was denied such items only on March 9, 2023, the day he was booked into the Jail. In amending his complaint, plaintiff should provide additional information, such as who denied him the items, and how long he was prevented from acquiring the items. *See McCroy v. Douglas Cnty. Corr. Ctr.*, 394 F. App'x 325, 326 (8th Cir. 2010) ("Neither the initial confiscation of [plaintiff's] religious items, nor the two-week delay in returning them to him, rose to the level of a constitutional violation."). Plaintiff should provide the same details as to the alleged denial of his access to a Quran.

## Amendment Instructions

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff

may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing

to do.  *See  Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" and "Relief" sections. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint

counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has not yet filed a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. In addition, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will deny the motion for appointment of counsel without prejudice to refiling, as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $37.50 **by August 25, 2023**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above **by August 25, 2023**. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is D**ENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff does not comply fully and timely with the requirements of this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Dated this 26th day of July, 2023.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**